AUGUST TERM.
1840.

Malone
vs
Harris.

MALONE v. HARRIS.

Fraudulent representations respecting the subject matter of a contract will render the contract void; and if the party defrauded has advanced money or property, or rendered valuable service to the other party by reason of such representations, an action will lie for the recovery of such money or property or the value of such services, and it will not be necessary to prove a demand on the defendant for such property, and his refusal to comply therewith. The court held that "no man of correct morals would require a law authority in such a case."

Error to Saline Circuit court.

*Miller, Stewart & Hayden counsel for plaintiff in error.*

1. The court erred in giving to the jury the instructions asked for by plaintiff.

2. The court erred in refusing to give all the instructions prayed for by defendant. 1 Marshall 600. 1 Pirtle's digest 458. sec. 6, title fraud.

3. The court erred in refusing to set aside the verdict and grant a new trial.

*Todd & McNutt counsel for defendant in error.*

1. The jury might from the evidence believe that the interest of Malone was to procure possession of the plaintiff's money, property and labor, and to defraud him out of it, in which event, Harris was not bound to give any notice of rescinding such a fraudulent contract or obtain a return of the property.

2. The property and labor had a fixed cash value, and was received as such, even upon a failure of Malone's performance of his contract, he had no right to return in property, he being first in default in executing the contract.

3. That the contract to take the land as the consideration of the money, property and labor was never obligatory on Harris, he, Malone, refusing ever to shew him the land, that he might make his election.

4. The fact of Malone declining to carry into effect his contract to pay in land, is in law an assumpsit to pay what he has received for it in money. 2 Starkie, 106, 114, 116.

Opinion of the Court by Tompkins, Judge.

Harris sued Malone in the circuit court where he obtained a judgment, to reverse which, Malone prosecutes this writ of error.

AUGUST TERM
1840.

Malone
v.
Harris.

The evidence in the cause shows that some time in the month of May 1838, Harris, plaintiff in the circuit court, loaned to the defendant two hundred dollars on interest, at the rate of twenty five per cent per year, and sold a horse at eighty dollars, and labored for him three months at the rate of twenty dollars per month.

The defendant gave evidence to prove that sometime after this money was loaned at interest he and Harris entered into an agrrement with each other concerning the sale by the defendant and purchase by the plaintiff of a tract of land in Carrol county, containing one hundred and twenty acres. This agreement was verbal. The land was represented as good woodland, situated on the river and suitable for a woodyard, and it was also proved that the money loaned to Malone as above mentioned was to be applied to paying for said land, and that the plaintiff agreed to give the horse above mentioned at the price of eighty dollars, in part payment for said land, and the remainder of the price of the land was to be paid to the defendant at the rate of twenty dollars per month; and it was also proved that the labor was performed to the amount of the land, at the price agreed on.. The defendant also gave evidence to prove that no time was mentioned in the agreement, when he should make a conveyance of the land to the plaintiff Harris.— Thereupon the plaintiff Harris gave evidence that the verbal agreement about the sale of the land was conditional, and the plaintiff was to take the land on condition only that he should be pleased with it when he should see it; and that Malone, at the time of making said agreement. promised and agreed that he would go with Harris to the land, and show it to him; and that Malone neglected and refused to show the land to him upon reasonable request to do so; and that Malone had misrepresented the land to him, at the time of making said agreement; and that after having paid for the land, he demanded a conveyance by deed from Malone, and that it was refused. Malone, the defendant, then gave evidence that the agreement for the sale of the land was absolute, and not conditional, and that Harris agreed to take his word and representations as to the quality and description

of the land; and that Harris, after making the contract had expressed his satisfaction with the agreement he had made; and also, that after Harris had paid for the land and before the commencement of this suit, that he Malone had made, executed, tendered and offered to the plaintiff Harris, a deed of conveyance for the land in fee simple, which Harris refused to accept, and declared that he would not have a deed for the land. The plaintiff Harris then introduced evidence to prove that the deed was offered to him by Malone subsequent to the time when the said Malone had refused to make one on the request of Harris.

This was all the evidence given in the cause.

The following instructions were given to the jury on the motion of Harris, plaintiff:

1. If they should believe from the evidence that the defendant Malone made representations to Harris that the land was timbered, and that Harris contracted for it as timbered, and that it was not timbered and of the kind represented, they will find Malone guilty of a fraud, and find a verdict for the plaintiff, Harris.

2d. If they find that the agreement was that Malone should should show Harris the land before Harris was bound to accept it, and that Malone refused to show him the land, or avoided doing so, then there was a failure in Malone to comply with his contract, and that they must find a verdict for the plaintiff.

3d. That although the parties may have agreed that Harris was to accept land from Malone for the amount he owed Harris; yet if Malone made the contract with intent to deceive Harris, and did falsely represent and deceive Harris in the quality of the land, then they will find a verdict for Harris the plaintiff.

Malone, the defendant, then moved the court to instruct the jury:

1st. That in this action the plaintiff cannot recover the price of the horse, or any thing for him, unless they have proved a demand of the horse by the plaintiff, and a refusal by the defendant to return him on such demand.

2d. That if they believe the horse was a part of the con-

AUGUST TERM 1840.

Malone
v.
Harris.

sideration for the land, then the plaintiff cannot in this form of action, recover the price of the land.

These instructions, the circuit court refused to give, and Malone took his exceptions to the refusal of the court to give these instructions, and also to the act of the court in giving the instructions asked by Harris, the plaintiff.

Malone then moved for a new trial, and assigned for reason that the court had committed error, first in giving the instructions demanded by the plaintiff; and secondly in refusing those asked by the defendant.

This motion for a new trial was overruled.

It is assigned for error that the court gave the instructions asked by the plaintiff, and refused to give those demanded by the defendant, Malone.

Also that the court refused on the motion of the defendant to suppress certain depositions, of which nothing is mentioned in the bill of exceptions: and this court will not look into the clerk's unauthorized history of the case as transcribed on the record of the cause.

Fraudulent representations respecting the subject matter of a contract, will render the contract void: and if the party defrauded has advanced money or property, or rendered valuable service to the other party by reason of such representations, an action will lie for the recovery of such money or property, or the value of such services, and it will not be necessary to prove a demand on the defendant for

It appears to me that the court has committed no error, either in giving the instructions asked by the defendant in error, plaintiff in the circuit court, or in refusing those asked by Malone, plaintiff in error. If Malone deceived Harris in the representations which he made of the quality of the land or in representing it as timbered when it was not, it surely was such a fraud as no one could hesitate to declare, ought to avoid the contract.

No man of correct morals would require a law authority in such a case. If Malone agreed to show Harris the land before he was bound to accept it and he either refused to show the land or evaded doing so on request, the jury were very correctly instructed to find for Harris. Evidence was given to establish the fact that he neglected to show the land, and this neglect the jury were left to construe to be either a refusal or an evasion. But the most comprehensive and correct instruction given to the jury was the third, given on the motion of Harris. Fraud on the part of Malone ought to avoid the whole contract, if found as the judge of the circuit court instructed the jury. In such a case,

Harris ought not to be required to demand his horse, and perhaps he ought not to have been required to receive the horse even had he been tendered before the commencement of this action.

Had it appeared to the jury that Malone had been guilty neither of negligence, nor of any unfairness of conduct in this transaction; and that Harris ought to avoid the contract merely because it was not obligatory on him, under the statute, then it might well have been contended that Harris ought to recover nothing for the horse until a demand by himself and a refusal to deliver by Malone. But as the evidence stands on the record, it appears to me that there is no error committed either by the circuit court or by the jury finding under the instructions of that court. For the reasons above given, the judgment of the circuit court ought to be affirmed, and judge Napton concurring it is accordingly affirmed.